IN THE MATTER OF THE APPLICATION OF PETER McFARLAND
FOR A WRIT OF HABEAS CORPUS.

*Territorial jurisdiction, to commit for a crime — offense of grand larceny, where it is committed.*

Upon appeal from an order, made upon the return to a writ of *habeas corpus* discharging one McFarland from custody, it appeared that McFarland had been committed upon the charge of grand larceny in the second degree by the recorder of Oswego city, who had in criminal matters, under section 2 of chapter 134 of the Laws of 1849, the powers of a justice of the peace, and who was a magistrate, under section 147 of the Code of Criminal Procedure.

It was claimed by McFarland that he lived in Cayuga county, and that the crime, if any, was committed outside of the county of Oswego.

The offense charged consisted in McFarland's having obtained, in the city and county of Oswego, an Irish setter dog under an agreement to return the same, his having refused to do so, and his having converted the said dog to his own use, with intent and purpose to cheat and defraud the owner out of the value thereof:

*Held*, that the case, under the view most favorable to McFarland, came within section 134 of the Code of Criminal Procedure, providing that "when a crime is committed, partly in one county and partly in another, or the acts or effects. thereof constituting or requisite to the consummation of the offense occur in two or more counties, the jurisdiction is in either county," and that the recorder of Oswego city consequently had territorial jurisdiction to make the commitment.

APPEAL by the People from an order of the Hon. L. W. BAKER, special surrogate of the county of Oswego, made in the above-entitled matter, under date of June 23, 1890, and entered in the Oswego county clerk's office on the 25th day of June, 1890.

The order appealed from discharged McFarland from the custody of the sheriff of Oswego county, who held him under a commitment made by the recorder of Oswego county, to await the action of the grand jury of that county.

The complaint made before the recorder was as follows : " That on or about the 10th day of September, 1889, at the city of Oswego, in said county, one Peter McFarland obtained from deponent an Irish setter dog, owned by deponent and worth about fifty dollars, and agreed to return the said dog on the 1st day of January, 1890; that said McFarland has neglected and refused to surrender said dog to deponent, and has converted said dog to his

own use with intent and purpose to cheat and defraud deponent out of the value of the same, wherefore this deponent prays that the said offender may be dealt with according to law."

On the 24th of March, 1890, the recorder, upon information upon oath, issued a warrant for the arrest of McFarland for the crime of grand larceny in the second degree. The arrest was made and a hearing had before the recorder, evidence being given on behalf of the people and also on behalf of the defendant therein. The recorder was satisfied that the crime charged had been committed and that there was sufficient ground to believe the defendant guilty thereof, and ordered that he be held to answer in the sum of $300 and be committed to the sheriff of Oswego county until he give such bail. The recorder accordingly issued a warrant of commitment to the sheriff, who thereupon took the defendant. The latter then applied to the special surrogate of Oswego county for a writ of *habeas corpus*, alleging that the commitment was illegal, for the reason that no evidence was given before the recorder tending to show the defendant guilty, and also that the recorder had no jurisdiction territorially to make the order of commitment Upon the hearing before the special surrogate the evidence taken before the recorder was read. The grounds upon which the order of discharge was made, as recited in it, are, "it appearing upon such examination that the said Peter McFarland is unlawfully imprisoned and restrained of his liberty by reason of want of jurisdiction on the part of the committing magistrate, to make the order of commitment on which said Peter McFarland is held upon the evidence and facts, and of evidence to sustain the same," etc.

*George T. Clark*, assistant district attorney, for the People, appellants.

*Peter McFarland*, respondent in person.

MERWIN, J.:

The questions on this appeal are (1), whether the recorder of Oswego city had jurisdiction territorially to make the commitment, and (2), whether there was such a lack of evidence before him as to the guilt of the defendant that his discharge upon *habeas corpus* was proper.

Upon the first proposition the claim of the respondent here is, that he lived in Cayuga county, and that the crime, if any, was committed outside of the county of Oswego. The recorder of the city of Oswego has, in criminal matters, the powers of a justice of the peace. (Chap. 134 of 1849, § 2.) He is a magistrate under section 147 of the Code of Criminal Procedure. The substance of the crime charged was the wrongful appropriation of property by a bailee. The bailment, if there was one, was made in Oswego county, and the property was to be returned there. If we take the view most favorable to the respondent, it was a case within section 134 of the Code of Criminal Procedure, which provides that, " when a crime is committed, partly in one county and partly in another, or the acts or effects thereof, constituting or requisite to the consummation of the offense, occur in two or more counties, the jurisdiction is in either county." It follows that the recorder had jurisdiction territorially.

Upon the second proposition the claim of the respondent is, that the evidence before the recorder did not tend to establish the commission of any crime. Under section 528 of the Penal Code, a person who intentionally appropriates to his own use property held by him as a bailee is guilty of larceny. Within this definition there was before the recorder evidence, given on the part of the complainant, which the recorder had a right to believe, which tended to show the commission by respondent of the crime of larceny. There was conflicting evidence, but the weight of that was for the magistrate to determine, and should not be rejudged, in any ordinary case at least, in *habeas corpus* proceedings.

We think the contention of the respondent is not sustained, and that the order of discharge was improperly made.

Hardin, P. J., and Martin, J., concurred.

Order reversed.